UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN SANDLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV1119 CDP |
| | ) |
| MICHAEL B. DONLEY, Secretary, | ) |
| Department of the Air Force, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

In 2003, Susan Sandler took a job as a paralegal specialist for the new Air Force General Counsel Europe Office when her husband, a foreign service officer, was sent to Brussels, Belgium.[1] Sandler interviewed for the position in Washington, D.C. with the General Counsel of the Air Force, who asked her about her marital and family status, told her she could not take time off to care for a sick child, and described the position as a "Girl Friday kind of job." Sandler claims that she was subjected to gender and religious discrimination, as well as a hostile work environment, by her supervisor Dan Hass, his supervisor Michael Zehner, and attorney Kevin Doherty. The alleged discrimination took place over the duration of Sandler's employment and included: improperly changing and then

---

[1]I state these facts for purposes of deciding the summary judgment motion only. Neither party may rely on this Memorandum and Order to establish any facts at trial.

belatedly correcting her hiring status; denying her leave, compensatory time, overtime benefits and pay to which she was entitled; denying her the same flexible schedule enjoyed by men in the office; denying her the required time to celebrate Jewish holidays; denying training and equipment necessary to perform her job duties; negatively rating her job performance; making derogatory comments to and about her and her job classification; berating, cursing, and yelling at her, causing her to urinate on herself; and denying her access to and requests for information about her benefits and rights, including her request for the name of an EEO counselor. Sandler alleges that her working conditions became so intolerable that she was forced to resign in late 2006 and take another job, resulting in her constructive discharge. Finally, Sandler claims that she was retaliated against for her prior complaints of discrimination. Sandler seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.

Defendant moves for summary judgment on all counts of the complaint, arguing that some claims are barred for failure to exhaust administrative remedies and that Sandler cannot make a prima facie case on any of her claims. "Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." Davison v. City

of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(c).  Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party.  Id.  "The basic inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Diesel Machinery, Inc. v. B.R. Lee Industries, Inc., 418 F.3d 820, 832 (8th Cir. 2005) (internal quotation marks and citation omitted).  The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact.  Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (citation omitted).  If the movant does so, "[t]he nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial."  Id. (internal quotation marks and citation omitted).

"[A] Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period . . . ."  National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002); see also

Bailey v. United States Postal Service, 208 F.3d 652, 654 (8th Cir. 2000). Sandler was a federal employee. "[E]mployees of federal government agencies who believe that they have been discriminated against must consult an EEO Counselor prior to filing a complaint in order to try to informally resolve the matter." Id. (internal quotation marks and citation omitted). "Such employees must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." Id. (internal quotation marks and citation omitted). "An aggrieved employee who can show that he was not notified of the time limits and was not otherwise aware of them may be absolved from any failure to comply with the 45-day filing deadline." Id. (internal quotation marks and citation omitted). Failure to comply with the 45–day time limit may result in the dismissal of a federal employee's discrimination claim. See id. at 655 (finding that the plaintiff failed to exhaust her administrative remedies because her written request for EEO counseling occurred approximately three months after the expiration of the 45–day period).

"A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within [45] days of the date of the act or lose the ability to recover for it." Morgan, 536 U.S. at 110. "A charge alleging a hostile work environment claim, however, will not be time barred so

long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." Id. at 122. "Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Id. at 117.

Here, defendant argues that all of Sandler's disparate treatment claims, except her claim arising from the failure to provide her with information about the EEO counselor, are barred for failure to exhaust administrative remedies. Sandler made her EEO complaint on October 25, 2006, but most of the acts about which she complains occurred earlier in her employment. In opposition to summary judgment, Sandler does not claim that she exhausted her administrative remedies with respect to her claims of disparate treatment. Instead, she contends that her hostile work environment is timely because it is a continuing violation. Having reviewed the record in this case, I agree. Viewing the evidence as I must in the light most favorable to Sandler, she has alleged an ongoing pattern of discriminatory and harassing actions directed toward her on the basis of her gender and/or religion. The Eighth Circuit Court of Appeals has held that "acts before and after the limitations period were so similar in nature, frequency, and severity that they must be considered to be part and parcel of the hostile work

environment that constituted the unlawful employment practice that gave rise to this action." Rowe v. Hussmann Corp., 381 F.3d 775, 781 (8th Cir. 2004).

Here, the actions were all committed by the same actors and involved the same type of harassing conduct -- abusive and offensive behavior and language to and about her, as well as the denial of benefits, information, and entitlements -- that Sandler complained of in her timely EEO complaint. Moreover, Sandler alleged that the conduct occurred throughout the duration of her employment (and even during her interview for the position). The complained of actions are "so similar in nature, frequency, and severity" as to be part and parcel of the same hostile work environment that existed in 2006 when Sandler made her EEO complaint. See Wilke v. Department of Health and Human Services, 638 F.3d 944, 951 (8th Cir. 2011) (applying Rowe). As such, all of the allegations contained in Sandler's complaint are properly before the Court as part of her hostile work environment claim, even if they are not independently actionable as claims for disparate treatment. Therefore, I will dismiss Sandler's claims of disparate treatment, except for her claim (to the extent she is making one) based on the failure to timely provide information regarding the EEO counselor, as barred

for failure to exhaust administrative remedies.[2] However, Sandler exhausted her administrative remedies with respect to her hostile work environment claim, and all of the allegations raised in Sandler's complaint (including those that also formed the basis of her disparate treatment claims) are part and parcel of that claim.

Defendant also argues that Sandler cannot make a prima facie hostile work environment claim. "Title VII prohibits an employer from subjecting its employees to a hostile work environment because of such individual's race, color, religion, sex, or national origin." Fuller v. Fiber Glass Systems, LP, 618 F.3d 858, 863 (8th Cir. 2010) (internal quotation marks and citations omitted). To state a hostile work environment claim in this case, Sandler must show that she is a member of a protected group, that there was unwelcome harassment, that the harassment was based on her membership in a protected group, and that the harassment affected a term, condition, or privilege of employment. Wilke, 638 F.3d at 952.[3] "Harassment which is severe or pervasive is deemed to affect a term,

---

[2]Sandler's complaint and her opposition to summary judgment are not a model of clarity, so it is difficult to determine exactly what types of discrimination claims she is bringing. At trial, plaintiff's counsel will need to do a better job of explaining Sandler's claims to avoid jury confusion.

[3]When the alleged harasser is a non-supervisory co-worker, a plaintiff must also demonstrate that the employer knew or should have known about the harassment and failed to take proper remedial action. Wilke, 638 F.3d at 952. Here, the alleged harassers were

condition, or privilege of employment." Watson v. CEVA Logistics U.S., Inc., 619 F.3d 936, 942 (8th Cir. 2010) (internal quotation marks and citation omitted). The standard for demonstrating a hostile work environment "is a demanding one." Cross v. Prarie Meadows Racetrack and Casino, Inc., 615 F.3d 977, 981 (8th Cir. 2010). "Title VII does not prohibit all verbal or physical harassment and it is not a general civility code for the American workplace." Id. (internal quotation marks and citation omitted). "'A plaintiff must establish that discriminatory intimidation, ridicule, and insult permeated the workplace.'" Wilke, 638 F.3d at 953 (quoting Cross, 615 F.3d at 981). "We consider the totality of the circumstances in deciding whether a plaintiff demonstrated a hostile work environment." Wilke, 638 F.3d at 952. "Factors we consider include the frequency and severity of the conduct, whether it is physically threatening or humiliating, and whether it unreasonably interferes with the plaintiff's job performance." Id. "Whether conduct rises to the level of harassment is usually a factual determination for the jury." Fuller, 618 F.3d at 864.

There is no dispute that Sandler is a member of two protected groups (she is female and Jewish), or that the alleged harassment was unwelcome. Instead, defendant argues that I should find as a matter of law that the alleged conduct did

supervisory employees.

not rise to the level of harassment or affect a term or condition of employment. Having thoroughly reviewed the record in the light most favorable to Sandler, I must deny summary judgment because Sandler has presented enough evidence which, if believed, could lead a reasonable jury to conclude that she was subjected to a hostile work environment. Although defendant tries to explain away much of the complained-of conduct as innocent mistakes or growing pains associated with setting up a new office, Sandler has presented sufficient evidence, and is entitled to the reasonable inferences drawn from this evidence, that these actions were part of a targeted and prolonged attack on her due to her gender and/or her religion. Whether a jury ultimately believes the reasons advanced by defendant or Sandler will depend upon credibility determinations that cannot be resolved on summary judgment. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000) (internal quotation marks and citation omitted) . The parties also dispute key factual issues in this case such as whether Sandler was yelled at and intimidated to the point of wetting herself, whether she was isolated and ridiculed, whether she was called derogatory names, and whether she was denied the same benefits and privileges available to others outside her protected classes. These factual disputes

are material to the resolution of Sandler's claim and preclude summary judgment. Viewing all of the evidence together, I find that Sandler has presented a submissible hostile work environment claim under Title VII.

Defendant also argues that Sandler's constructive discharge claim fails because she voluntarily resigned to accept another job. Sandler contends that she was constructively discharged in retaliation for her prior complaints of discrimination and her request for benefits information and the name of an EEO counselor. "To prove a constructive discharge under Title VII, an employee must show that the employer deliberately created intolerable working conditions with the intention of forcing her to quit." Sanders v. Lee County School Dist. No. 1, 669 F.3d 888, 893 (8th Cir. 2012) (internal quotation marks and citation omitted). "In addition, an employee must give her employer a reasonable opportunity to resolve a problem before quitting." Id. (internal citation omitted). "Evidence of the employer's intent can be proven through direct evidence or through evidence that the employer could have reasonably foreseen that the employee would quit as a result of its actions." Id. (internal quotation marks and citation omitted). "The employer can render working conditions intolerable through inaction as well as action." Id. (internal citation omitted). "The intolerability of working conditions is judged by an objective standard, not the employee's subjective feelings." Id.

(internal quotation marks and citation omitted). "If an employee quits because she reasonably believes there is no chance for fair treatment, there has been a constructive discharge." Id. (internal quotation marks and citation omitted).

Viewing the evidence in the light most favorable to Sandler, summary judgment on her constructive discharge claim must be denied. Whether Sandler voluntarily chose to accept another position or was forced to find another job and resign because of her intolerable working conditions is a matter for the jury to decide after weighing all the evidence. That Sandler resigned only after securing another job does not entitle defendant to judgment as a matter of law on Sandler's constructive discharge claim, especially when that factor is considered in conjunction with the allegations of continuing harassment, her supervisors' participation in the harassment, and her supervisors' failure to respond to her complaints or even provide her with the information necessary to file an EEO complaint.

To establish a prima facie case of retaliation, Sandler must demonstrate that she engaged in statutorily protected activity, she suffered an adverse employment action, and a causal connection exists between the two. Gilbert v. Des Moines Area Community College, 495 F.3d 906, 917 (8th Cir. 2007). "The anti-retaliation provision of Title VII protects individuals from retaliation that produces an injury

or harm." Id. (internal quotation marks and citation omitted). "The standard is an objective one, requiring the plaintiff to demonstrate a reasonable employee would have found the challenged action materially adverse, and the employer's action might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. (internal quotation marks and citation omitted). Here, Sandler engaged in statutorily protected activity by complaining about discriminatory conduct and allegedly suffered materially adverse consequences, including loss of pay and benefits and constructive discharge, as a result. Sandler has also presented sufficient evidence which, if believed, could lead a reasonable jury to find a causal connection between her protected activity and the adverse employment actions. Whether Sandler ultimately prevails on her claim will depend upon resolution of key credibility determinations and factual disputes which are inappropriate for summary judgment. See Reeves, 530 U.S. at 150. Viewing all of the evidence together, I find that Sandler has presented a submissible retaliation claim under Title VII.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#47] is granted only to the following extent: plaintiff's disparate treatment discrimination claims, except for her claim based upon failure to provide

information about the EEO counselor, are dismissed for failure to exhaust administrative remedies. In all other respects, defendant's motion for summary judgment [#47] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of August, 2012.